UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **TODD SOBEL**, an individual, | ) |
| | ) |
|     **Plaintiff.** | ) |
| | ) |
| v. | )   **Case No.** |
| | ) |
| **ENOVA INTERNATIONAL INC.**, | ) |
| an Illinois corporation, **D/B/A CASHNET USA,** | ) |
| | ) |
|     **Defendants.** | |

## COMPLAINT

**COMES NOW** Todd Sobel (hereinafter "Plaintiff") and bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants Enova International, Inc. (hereinafter "Enova"), d/b/a Cashnet USA (collectively referred to herein as "Defendant") to put an end to its unlawful practice of placing unsolicited telemarketing calls to consumers nationwide. Plaintiff, for his Complaint, alleges as follows:

## INTRODUCTION

The Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., (hereinafter "TCPA") was enacted to protect consumers from unsolicited and repeated telephone calls exactly like those alleged in this case. Defendant made these calls despite the fact that neither the Plaintiff, nor the other members of the putative Class, ever provided Defendant with their prior express consent to be called. By making the phone calls at issue in this Complaint, Defendant caused Plaintiff and the other members of the Class actual harm, including the aggravation and nuisance

that necessarily accompanies the receipt of unsolicited phone calls and the monies paid to their telephone carriers for the receipt of such calls. In addition, the calls violated their right of privacy.

Because Defendant makes and/or facilitates unsolicited robocalls to consumers without prior express consent, Defendant has, and continues to, violate the TCPA. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit seeking an injunction requiring Defendant to cease all unsolicited calling activities, as well as an award of statutory damages to the members of the Class as provided under the TCPA, together with costs and reasonable attorneys' fees.

It is important to note that this is not Defendant Enova's first brush with allegations involving illegal calls to consumers. In 2013, Enova and Cash America settled with the U.S. Consumer Financial Protection Bureau for $5M due to allegations of numerous violations. During an examination, the CFB said that Enova:

- Instructed its employees to limit information they provided on sales and marketing practices;
- Deleted recorded calls with consumers; and
- Kept shredding documents after the CFPB told them to stop.[1]

## PARTIES

1. Plaintiff Todd Sobel (hereinafter "Plaintiff") is over the age of nineteen (19), and is a resident of Shelby County, Alabama.

2. Defendant Enova is a Chicago based, publicly-traded, online financial services provider. Enova International, Inc. provides online financial services to alternative credit

---

[1] http://www.chicagobusiness.com/article/20131120/NEWS01/131129961?template=printart; http://www.consumerfinance.gov/about-us/newsroom/consumer-financial-protection-bureau-takes-action-against-payday-lender-for-robo-signing/

consumers and small businesses in the United States. The company offers short-term consumer loans, line of credit accounts, installment loans, and other credit-related services and products. It offers its services under the CashNetUSA, NetCredit, QuickQuid, Pounds to Pocket, On Stride Financial, DollarsDirect, Simplic, Headway Capital, and The Business Backer brand names. The company was incorporated in 2011 and is headquartered in Chicago, Illinois. Enova's website lists its corporate headquarters address as follows: 175 W. Jackson Blvd., Suite 1000 Chicago, IL 60604.

3. Enova's website states as follows: "CashNetUSA is the flagship brand of Enova International. It was among the first licensed short-term lenders to provide cash advances and installment loans to consumers over the Internet. Now available in more than 30 states and counting, CashNetUSA is considered one of the leading online lenders. For more than 10 years, they've provided fast and convenient ways for consumers to bridge the gap between paydays — with payday loans, installment loans, CSO loans, CAB loans and lines of credit. With CashNetUSA, money's on the way!" The website for CashNetUSA is maintained at www.cashnetusa.com and lists the same address as Enova, namely, 175 W. Jackson Blvd., Suite 1000, Chicago, IL 60604.

4. Upon information and belief, Defendant CashNetUSA serves as an alter ego of Enova International, Inc. in that it is so controlled by Enova International, Inc. as to make it a mere tool of Enova International, Inc. Upon information and belief, mypayusa serves as an alter ego of Enova International, Inc. in that it is so controlled by Enova International, Inc. as to make it a mere tool of Enova International, Inc.

5. Defendant has made unsolicited robocalls to consumers in Alabama and nationally to advertise and grow their customer base.

3

## JURSDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. §1332, because Plaintiff and Defendant are residents of diverse states, and Plaintiff seeks up to $1,500 for each call in violation of the TCPA which, when aggregated among a proposed class number in the tens of thousands, exceeds the $75,000 threshold exclusive of interests and costs.

7. This Court also has federal question jurisdiction pursuant to 28 U.S.C. §1331, as the following civil action arises pursuant to 47 U.S.C. § 227, et seq.

8. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. §1367.

9. Venue is proper in the United States District Court for the Northern District of Alabama as a substantial part of the events or omissions giving rise to the claim occurred within the jurisdiction.

## FACTS AND OVERVIEW

10. Among other things, the TCPA prohibits certain unsolicited marketing calls, and restricts the use of automatic dialers or pre-recorded messages.

11. Defendant is engaged in the sale of financial products and services to the public. Unfortunately, in the pursuit of selling said products and services, according to information and belief, Defendant conducted and conducts nationwide telemarketing campaigns. 47 U.S.C. § 227, et seq.

12. In order to reach more customers, Defendant uses an invasive and illegal method of advertising: unsolicited telemarking via a pre-recorded message and/or automatic dialer known as "robocalling".

13. Defendant or Defendant's agents place pre-recorded calls to consumers to advertise the sale of loans, falsely claiming on the robocall that the recipient of the robocall has inquired or applied for a loan from the Defendants.

14. Defendant also purposely instructs their agents to limit information they provided on sales and marketing practices.

15. According to information and belief, Defendant made, and continues to make, these telemarketing calls to consumers statewide and nationwide without their prior written consent to do so.

16. Defendant's actions were improper as their prerecorded telemarketing calls failed to comply with all rules, regulations, statues, and declaratory rulings related to prerecorded telemarketing calls.

17. Defendant had and has a duty to comply with all laws related to the making of telemarketing and robocalls, including federal and state laws.

## **PLAINTIFF'S EXPERIENCE**

18. Plaintiff never inquired about or applied for any loan from the Defendant, nor contacted the Defendant in any fashion.

19. On January 24, 2017, Plaintiff received a pre-recorded call on his cellular telephone in which Defendant's agent, employee, and/or an individual acting on Defendant's behalf stated:

Hello. You have recently applied for a payday loan. Our private lenders have lowered the requirements for loan qualification. Your application has been reviewed by our largest lenders, and you are now pre-approved for our highest gold level of $1,500. To receive your funds simply go to mypayusa.com, and type in your pre-approval code of 7747. This offer will expire in 24 hours.

5

20. Plaintiff has never given Defendant express, written consent to contact Plaintiff via pre-recorded telemarketing calls.

21. The mypayusa.com website lists a telephone number (855) 531-8909, which is used to solicit new customers for CashNetUSA.

22. Defendant's telemarketing call did not provide the opt out mechanism required by rule, regulation, statute, or declaratory ruling related to prerecorded telemarketing calls and advertisements and also did not provide the required proper identification of the entity on whose behalf the call was made, the address of the business responsible for placing the call, the phone number of that business; not any other information required by law.

23. Defendant was and is aware that Defendant was and is placing unsolicited robocalls to Plaintiff and other consumers without their prior written consent.

24. Defendant was and is aware that Defendant was and is robocalls and/or prerecorded telemarketing calls without including an opt-out mechanism and required information.

25. The mypayusa website is operated by CashNetUSA and Enova and is used to direct potential customers to CashNetUSA and Enova.

## CLASS ALLEGATIONS

26. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of himself and a Class of similarly situated individuals, defined as follows:

    Robocall Class: All persons in the United States who (1) received a telephone call; (2) promoting Defendants' services and goods; (3) that featured an artificial or pre-recorded voice; and (4) for which the caller had no record of prior written express consent to make such call to the telephone number that received it.

27. Excluded from the classes are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or Defendant's parent companies have a controlling interest, and those entity's current and former employees,

officers, and directors, (2) the Judge to whom this case is assigned and the Judge's immediate family, (3) persons who execute and file a timely request for exclusion from the Class, (4) persons who have had their claims in this matter finally adjudicated and/or otherwise released, and (5) the legal representatives, successors, and assigns of any such excluded person.

28. The exact number of members of the Class is unknown and is not available to Plaintiff at this time, but individual joinder in this case is impracticable. The Class likely consists of thousands, and potentially millions, of individuals. Class members can be easily identified through Defendant's records.

29. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

a) whether Defendant's conduct violated the TCPA;

b) whether Defendant made calls featuring an artificial or pre-recorded voice;

c) whether Defendant and/or Defendant's agents systematically made phone calls to persons who did not previously provide Defendant and/or its agents with their prior express consent to receive such phone calls;

d) whether Defendant failed to provide the required information and an opt out mechanism required by law, rule, or regulation; and

e) whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

30. Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

31. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor counsel has any interest adverse to those of the other members of the Class.

32. This class action is appropriate for certification because Defendant has acted or refuses to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Defendant has acted and/or failed to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward members of the Class. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class.

Plaintiff and the members of the Class have suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

33. This case is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. The injuries suffered by the individual members of the Class are likely to have been relatively small compared to the burden and expense of individual prosecution of the litigation necessitated by Defendant's actions. Absent a class action, it would be difficult, if not impossible, for the individual members of the Class to obtain effective relief from Defendants. Even if members of the Class themselves could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties and the Court and require duplicative consideration of the legal and factual issues presented herein. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

34. Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 47 U.S.C § 227**
**(On behalf of Plaintiff and the Robocall Class)**

35. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36. Defendant made unsolicited and unwanted telemarketing calls to the cellular number belonging to Plaintiff and the other members of the Robocall Class without their prior

9

written express consent and without providing the required information and an opt out mechanism.

37. Defendant made unsolicited telemarketing calls to the telephone numbers belonging to Plaintiff and the other members of the Robocall Class using a prerecorded or artificial voice, more commonly known as a "robocall."

38. By making, or having made on its behalf, unsolicited robocalls utilizing an artificial or prerecorded voice to Plaintiff and the Class's telephones without prior written express consent, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B). As a result of Defendant's unlawful conduct, Plaintiff and the other members of the Robocall Class suffered actual damages in the form of monies paid to receive unsolicited calls and, under Section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500 in statutory damages for each violation of the TCPA.

39. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Robocall Class.

## SECOND CAUSE OF ACTION
## VICARIOUS LIABILITY FOR TCPA VIOLATIONS BY A THIRD PARTY TELEMARKETER
### (On behalf of Plaintiff and the Robocall Class)

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. Third party telemarketing firm or firms acting as agents for Defendant made unsolicited Robocall telemarketing calls to the telephone numbers belonging to Plaintiff and the other members of the Robocall Class.

42. By making, or having made on its behalf by third party telemarketing firm or firms, unsolicited robocalls without prior written express consent, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

43. As a result of Defendant's unlawful conduct, Plaintiff and the other members of the Robocall Class suffered actual damages in the form of monies paid to receive unsolicited calls and, under Section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500 in statutory damages for each violation of the TCPA.

44. Defendant is liable with regard to said robocall violations as said third party.

45. telemarketers had (1) access to detailed information regarding the nature of Defendants' products; (2) said third party telemarketers had the authority to contact Plaintiff and putative class members using Defendant's trade names; (3) Defendant approved, ratified and/or reviewed said third party telemarketers scripts; and/or (4) Defendant knew or reasonably should have known that the telemarketer was violating the TCPA on Defendant's behalf, and Defendant failed to take effective steps within its power to force the telemarketer to cease said conduct.

46. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Robocall Class.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Todd Sobel, on behalf of himself and the putative Class, respectfully requests that this Court enter an order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Todd Sobel as representative of the Robocall Class, and appointing him counsel as Class Counsel;

B. Awarding injunctive and other equitable relief as necessary to protect the interests of the Class, including, inter alia, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein, and ensuring that the Defendant makes all efforts to adhere to all regulations, rules and declarative rulings by the FCC and FTC related to automated and prerequisite order calls;

C. Awarding injunctive and other equitable relief as necessary to protect the interests of the Class, including, inter alia, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein, and ensuring that the Defendant makes all efforts to adhere to all regulations, rules and declarative rulings under Alabama law related to automated and prerequisite order calls made to telephone numbers listed on the Do Not Call registry;

D. An award of actual and statutory damages;

E. Awarding Plaintiff and the Robocall classes their reasonable litigation expenses and attorneys' fees;

F. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted, this the 3rd day of March 2017.

/s/ Diandra S. Debrosse Zimmermann
Diandra S. Debrosse Zimmermann
ASB-2956-N76D

**OF COUNSEL:**
**Zarzaur Mujumdar & Debrosse – Trial Lawyers**
2332 2nd Avenue North
Birmingham, Alabama 35203
Telephone: (205) 983-7985
Facsimile: (888) 505-0523
fuli@zarzaur.com

/s/ James H. McFerrin
James H. McFerrin
ASN-2945-M72J

**OF COUNSEL:**
**McFERRIN LAW FIRM, L.L.C.**
265 Riverchase Parkway
Suite 106
Birmingham, Al 35244
(205) 870-5704
jhmcferrin@bellsouth.net

**SERVE BY CERTIFIED MAIL:**

**Enova International, Inc.**
c/o CT Corporation System
Registered Agent
208 LaSalle St, Suite 814
Chicago, IL 60604

**CashNetUsa**
175 W. Jackson Blvd.
Suite1000
Chicago, IL 60604